UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA             :
                                                                              08 Cr. 613 (KMK)
          - v -                                           :

**RICARDO MARMOLEJOS**,                 :
     a/k/a "Rudy Feliz,"
                                                          :

                    Defendant.            :
---------------------------------------------------------x

Preliminary Statement

This memorandum is respectfully submitted in support of defendant's pretrial motions. Defendant seeks orders: 1) suppressing identification testimony; and 2) compelling discovery of information relevant to out-of-court identifications of the defendant. In the alternative, defendant seeks an evidentiary hearing on the motion to suppress identification testimony.

**Background**

This case involves allegations that the defendant, using the false name "Rudy Feliz", visited the Costco warehouse store in Yonkers, New York, on February 7, 2008, established a membership account, and then attempted to purchase $5,014.81 worth of merchandise with a counterfeit credit card. The defense contends that Mr. Marmolejos – who was connected by telephone records to another participant in the crime – has been mis-identified as the individual who posed as "Rudy Feliz" and attempted the fraudulent purchase.

The membership application process at Costco required store personnel to photograph the applicant in order to create a membership card bearing the member's likeness. The "Rudy Feliz" membership card appears to depict a clean shaven male who does not, in counsel's view, resemble

PDF created with pdfFactory Pro trial version www.pdffactory.com

Ricardo Marmolejos. A xerox copy of the "Rudy Feliz" membership is attached to the accompanying Affirmation of Paul E. Davison, Esq., as Exhibit A.

The individual who posed as "Rudy Feliz" on February 7, 2008, was captured on video by security officials at the Costco store, and copies of the videos has been provided to the defense. Based on counsel's review of the video footage, the individual who posed as "Rudy Feliz" was clean shaven and does not resemble the defendant, Ricardo Marmolejos.[1]

According to the complaint on file in this matter, the police developed Mr. Marmolejos as a suspect in this investigation because they discovered that a second individual who participated in the fraud, and who was arrested on February 7, 2008, called Mr. Marmolejos from his cell phone shortly after the crime. (Marmolejos was not arrested until on or about June 25, 2008.)

The complaint further alleges that on or about June 19, 2008, law enforcement officers showed a photo array containing a photograph of Mr. Marmolejos to two witnesses at Costco, and that both witnesses selected Marmolejos from the array. A copy of the photo array is attached to the accompanying Affirmation of Paul E. Davison, Esq., as Exhibit B.

Examination of the photo array reveals that a photograph of the defendant Ricardo Marmolejos appears at position 1 of the six-photo array. In the array photograph, Mr. Marmolejos is clean-shaven, apart from a small triangular tuft of facial hair immediately beneath his lower lip.[2] The other five men whose photographs comprise the array all have moustaches and goatees. Among the six males depicted in the array, Mr. Marmolejos is the only man whose

---

[1] The defense is attempting to capture from the video footage "still" images depicting the individual who posed as "Rudy Feliz." The defense will supplement this affirmation as appropriate if that can be accomplished.

[2] This tiny configuration of facial hair is known colloquially as a "soul patch."

2

PDF created with pdfFactory Pro trial version www.pdffactory.com

upper lip and chin are clean shaven.

By letter dated July 23, 2008, the defense requested from the Government additional information concerning the out-of-court identification procedures at issue. In particular, the defense requested the following information as to each out-of-court identification:

> 1) the circumstances under which the witness observed the individual posing as "Rudy Feliz" (i.e., Loss Prevention Officer who observed him via video surveillance, cashier who processed the credit card transaction, etc.);
>
> 2) any description provided by the witness of the individual posing as "Rudy Feliz";
>
> 3) whether the witness viewed any photograph (i.e. membership card photo, driver's license photo, surveillance video, etc.) of "Rudy Feliz" at any time prior to viewing the photo array;
>
> 4) the date and circumstances of the out-of-court identification; and
>
> 5) the level of certainty expressed by the witness in making the identification.

A copy of counsel's July 23, 2008 discovery request is attached to the accompanying Affirmation of Paul E. Davison, Esq., as Exhibit C.

The Government responded to counsel's discovery request by letter dated July 29, 2008. With respect to the inquiries set forth above, the Government responded that these requests "are not discovery as defined in Rule 16, and the Government declines to produce any such material."[3] A copy of the Government's July 29, 2008 letter is attached to the accompanying Affirmation of Paul E. Davison, Esq., as Exhibit D.

---

[3]The Government has supplemented this formal response by informally advising counsel that: 1) the witnesses who made identifications we a Costco Loss Prevention Officer and a Costco Assistant Manager; and 2) that both identifications were made on or about June 19, 2008.

PDF created with pdfFactory Pro trial version www.pdffactory.com

**Argument**

Eyewitness identification testimony must be suppressed whenever an out-of-court "photographic identification procedure as so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification" Simmons v. United States, 390 U.S. 377, 384 (1968); Manson v. Braithwaite, 432 U.S. 98, 114 (1977).  Failure to suppress unreliable identification testimony violates a defendant's right to due process.  Stovall v. Denno, 388 U.S. 293 (1967).

Whenever a defendant seeks suppression of identification testimony by a witness who has identified him prior to trial

> "a sequential inquiry is required in order to determine whether either the prior identification or an in-court identification of the defendant at trial is admissible.  The court must first determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator. . . If the procedures were not suggestive, the identification evidence presents no due process obstacle to admissibility. . . If the court finds, however, that the procedures were suggestive, it must then determine whether the identification was nonetheless independently reliable."

Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001).  Once the defendant has made the threshold showing that a pretrial identification procedure was suggestive, the Second Circuit favors a pretrial hearing to determine the reliability of any identification testimony.  See United States v. Archibald, 734 F.2d 938, 941 (2d Cir. 1984)(pretrial hearing "would have been preferable").

### 1. The Photo Array Was Unduly Suggestive

Based upon information presently available to the defense, the photo array which was presented to the Costco witnesses on June 19, 2008, was unduly suggestive.  Photo and video evidence captured during the commission of the February 7, 2008 offense shows that the offense was committed by a clean shaven perpetrator.  Yet the photo array which was presented to

4

PDF created with pdfFactory Pro trial version www.pdffactory.com

witnesses four months after the crime included five bearded, mustachioed fillers, and only the defendant appeared in the array with his upper lip and chin clean shaven. Thus, among the filler photographs assembled in the array, the defendant's lack of facial hair on his lip and chin made him "stand out" as "more likely to be the culprit." United States v. Archibald, 734 F.2d 938 ,940 (2d Cir. 1984). Because photographs of clean shaven fillers are obviously readily available, the photo array was unnecessarily suggestive and unfair to Mr. Marmolejos.

As noted below, the defense is seeking an order compelling the Government to provide additional discovery concerning the identifications in this case. The defendant reserves the right to supplement this motion based on any additional relevant information which may be disclosed.

Moreover, under no circumstances should this Court deny defendant's motion to suppress on the ground that the defendant has made an inadequate showing that the photo array was suggestive without requiring the Government to divulge the descriptions provided by the witnesses who made identifications. Such descriptions are integral to any claim of suggestiveness. See Raheem v. Kelly, 257 F.3d 122, 134 (2d Cir. 2001)("lineup is unduly suggestive as to a given defendant if he meets the description of the perpetrator previously given by the witness and the other lineup participants obviously do not.") The Government should not be permitted to thwart pretrial litigation of unreliable identification claims by refusing to disclose descriptions given by witnesses on the ground that they are not required to do so under Rule 16.

### 2. The Identifications Are Unreliable

In our view, once the defense has made a showing that an out-of-court identification procedure was suggestive, the burden shifts to the Government to attempt to show that an identification is nonetheless reliable. Although the question of independent reliability in each case

PDF created with pdfFactory Pro trial version www.pdffactory.com

"must be assessed in light of the totality of the circumstances," Raheem v. Kelly, 257 F.3d 122, 135 (2d Cir. 2001), the courts consider a series of factors enumerated by the Supreme Court in Neil v. Biggers, 409 U.S. 188 (1972). Those factors include 1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness' degree of attention, 3) the accuracy of the witness' prior description of the criminal, 4) the level of certainty demonstrated by the witness at the confrontation, and 5) the length of time between the crime and the confrontation. 409 U.S. at 199-200.

At this time, most of the information pertinent to the Neil v. Biggers factors is known only to the Government. As noted below, the defense seeks an order compelling the Government to share that information with the defense. At this stage, however, we note that about four and one-half months elapsed between the February 7 crime and the June 19 identification procedures, a factor which does not enhance the reliability of the identifications.

### 3. This Court Should Require the Government To Disclose Particulars of Identifications

The Government's refusal to disclose the information requested by the defense concerning the out-of-court identifications – including physical descriptions provided by the eyewitnesses – is untenable. The defense is required to file any motion to suppress identification testimony before trial. Rule 12(b)(3)(C), Fed.R.Crim.P. The legal standard applicable to such motions requires an inquiry into the relationship between the composition of the photo array and the description provided by the identifying witness, see Raheem v. Kelly, 257 F.3d 122, 134 (2d Cir. 2001), as well as a review of such factors as witness's opportunity to view the criminal, the witness's degree of attention, the witness's level of certainty in making the identification, and the length of

6

PDF created with pdfFactory Pro trial version www.pdffactory.com

time between the crime and the identification.  See Neil v. Biggers, 409 U.S. 188, 199 (1972). The defendant's July 23, 2008 discovery request was crafted to ascertain this information.  In a case that turns on eyewitness identification, it is the position of the defense that due process requires that the Government be required to provide the requested information concerning the identifications.

Moreover, to the extent that the identification-related information sought by the defense is contained in documents (as it surely is), this information is arguably required to be disclosed under Rule 16(a)(1)(E)(i), which calls for production of documents in the Government's control which are "material to preparing the defense[.]" In our view, evidence and information which is responsive to those factors which have been enumerated by appellate courts as determinative of claims of unreliable identification are plainly "material to preparing the defense" and must therefore be disclosed.

## **Conclusion**

For all these reasons, this Court should 1) suppress identification testimony in this case; and 2) compel the Government to turn over the information sought by the defendant's July 23, 2008 discovery request.  In the alternative, this Court should conduct an evidentiary hearing on the motions.

Dated:   White Plains, New York
         August 4, 2008

PDF created with pdfFactory Pro trial version www.pdffactory.com

                    Yours, etc.

                    LEONARD F. JOY, ESQ.
                    Federal Defenders of New York Inc.

BY: _____

**PAUL E. DAVISON, ESQ.**
Federal Defenders of New York Inc.
Attorney for Defendant
  **RICARDO MARMOLEJOS**
300 Quarropas Street, Room 260
White Plains, New York 10601
Tel.:  (914) 428-7126

TO:  MICHAEL GARCIA, ESQ.
       United States Attorney
       Southern District of New York
       300 Quarropas Street
       White Plains, New York 10601
       Attn:  ANNA SKOTKO, ESQ.
              Assistant United States Attorney

PDF created with pdfFactory Pro trial version www.pdffactory.com